**Edmundo EVAN–SANGUINO,**
**Petitioner,**

v.

**Loretta E. LYNCH, Attorney**
**General, Respondent.**

**No. 09–72980.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2015.

Filed Feb. 11, 2016.

Jennifer M. Rotman, Immigrant Law Group PC, Portland, OR, for Petitioner.

Before: KOZINSKI, BERZON and WATFORD, Circuit Judges.

## MEMORANDUM*

1. This case is **REMANDED** to the Board of Immigration Appeals for further proceedings in light of *Correo–Ruiz v. Lynch*, 809 F.3d 543 (9th Cir.2015). The Board shall grant Petitioner an opportunity to supplement the record.

2. We reject Evan–Sanguino's argument that the Board denied relief in derogation of the law of the case. *See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir.1991) (explaining the law-of-the-case doctrine and discussing its discretionary nature). There was no law of the case because neither our remand order nor the first Board decision definitively established that Evan–Sanguino was entitled to relief.

3. We also reject Evan–Sanguino's argument that the Board deprived him of due process by deciding his appeal based on the intervening authority of *Matter of Briones*, 24 I. & N. Dec. 355 (BIA 2007), without allowing him to brief the implications of that case. Even if there were a procedural problem, Evan–Sanguino cannot make the required showing of prejudice. *See United States v. Cerda–Pena*, 799 F.2d 1374, 1378–79 (9th Cir.1986). Evan–Sanguino complains that he was never afforded an opportunity to argue that *Briones* should not apply retroactively in his case. Evan–Sanguino will have an opportunity to make that argument on remand.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Petition for review **GRANTED. REMANDED** with instructions.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.